**STATE OF WISCONSIN,**
**Plaintiff-Appellee,**

v.

**Sakip HAMDIA,**
**Defendant-Petitioner-Appellant,**

v.

**UNITED STATES of America,**
**Respondent-Appellee.**

**No. 84–1619.**

United States Court of Appeals,
Seventh Circuit.

Argued April 12, 1985.

Decided June 12, 1985.

Mel S. Johnson, Asst. U.S. Atty., Joseph P. Stadtmueller, U.S. Atty., Milwaukee, Wis., for plaintiff-appellee.

Robert G. LeBell, Milwaukee, Wis., for defendant-petitioner-appellant.

Before CUMMINGS, Chief Judge, POSNER, Circuit Judge, and PECK, Senior Circuit Judge.*

PER CURIAM.

The appellant, Sakip Hamdia, appeals from an order dismissing the contempt portion of a consolidated action before the district court. For the reasons set forth below, we affirm.

On September 13, 1979, appellant Sakip Hamdia was charged by the state of Wisconsin with the first degree murder of Sahit Berisha. In criminal proceedings before the Milwaukee County Circuit Court, Hamdia sought to establish that he and Berisha were members of opposing political groups. Hamdia asserted that he was a member of an anticommunist political group whose activities were directed toward uniting a part of Yugoslavia with Albania, and Berisha was a member of the Communist Party. Berisha, who had been sentenced to prison for the 1973 murder of Hamdia's brother, Kalosh, was shot and killed shortly after his release from prison in 1979. Hamdia sought to introduce evidence that he and his brother, Kalosh, had worked for the Central Intelligence Agency.

Hamdia filed a demand for discovery and inspection, requesting witness statements and related reports from the Federal Bureau of Investigation. He served H. Ernest Woodby, Special Agent in Charge of the Milwaukee Field Office of the FBI, with a subpoena duces tecum. Woodby, represented by the United States Attorney, moved to quash the subpoena, alleging national security privilege. Judge Wedemeyer, the state court judge, reviewed the subpoenaed documents and determined them to be relevant to the defense; he did not, however, make a finding regarding the issue of security privilege. Judge Wedemeyer then denied the motion to quash and ordered the production of the subpoenaed documents. Hamdia filed a motion to compel compliance, and the United States formally refused to comply with the order of the court. When Hamdia moved for a finding of contempt against Woodby, the United States petitioned for and secured removal of the contempt proceedings to the United States District Court for the Eastern District of Wisconsin,[1] pursuant to 28 U.S.C. § 1442(a).[2]

---

* Hon. John W. Peck of the Sixth Circuit, sitting by designation.

1. Once removed to district court, the contempt proceedings were consolidated with a Freedom of Information Act petition which had been brought by Hamdia in the district court. The Freedom of Information Act proceedings are not before this court.

2. 28 U.S.C. § 1442(a) provides in relevant part:
   A civil action or criminal prosecution commenced in a State court against any of the following persons may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
   (1) Any officer of the United States or any agency thereof, or person acting under him, for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

Before the district court, the United States requested that it be allowed to submit summaries of the subpoenaed documents to the state court for a determination of whether the summaries could be substituted for the original documents. If the state court determined that the summaries satisfied the order of production entered by Judge Wedemeyer, the United States urged, this would eliminate the need for the district court to reach a decision on the national security privilege issue. The district court ordered the United States to prepare summaries of the subpoenaed documents along with the original previously reviewed documents. The district court then requested Judge Randa[3] of the Milwaukee County Circuit Court to review the summaries and to inform the district court if they satisfied the order of production.

In response, Judge Randa entered a decision and order on August 31, 1983, in which he concluded "that the 'original documents' disclose no relevant, material and competent evidence that would be favorable to the defense." Judge Randa further stated "that the motion to quash said subpoena should have been granted initially" and that this conclusion "obviates the requirement that the Government release any information requested in the subpoena...."

The district court then dismissed the contempt portion of the case:

The state court, having decided that the documents are not relevant, and having granted the motion to quash, the contempt issue ... is now moot.

The court granted Hamdia's motion to make the order for dismissal a final judgment under Fed.R.Civ.P. 54(b). On appeal, Hamdia argues that (1) the district court acted improperly in requesting the state court to act after the contempt proceeding had been removed from state to federal court, and (2) the state court exceeded its jurisdiction in quashing the subpoena duces tecum after the contempt proceedings had been removed to federal court.

Hamdia contends that removal pursuant to 28 U.S.C. § 1442 vested exclusive jurisdiction in the federal district court with respect to the matter removed. He cites *Berberian v. Gibney*, 514 F.2d 790, 792 (1st Cir.1975):

It is clear that once a removal petition has been filed and proper notice given adverse parties and the state court, the district court has exclusive jurisdiction over the case.

The crux of Hamdia's argument is that the district court, having assumed jurisdiction by removal petition, was without authority to cause directly or indirectly the state court to act upon the contempt proceedings. The effect of the district court's request, Hamdia urges, was that the state court acted upon the matter after removal to federal court.

The United States responds to Hamdia's argument by pointing out that the removal to federal court was limited to the issues of contempt and the exercise of the national security privilege. Thus, the United States contends, the questions of relevance of the subpoenaed documents to the criminal proceedings was never removed to federal court. The district court, in addressing this issue, stated:

On this jurisdictional question, the Court believes that it is clear that the determination on the relevance and materiality of the subpoenaed documents was one which was appropriately made by the state court and which was not removed to federal court. When the issue regarding contempt was removed to this Court, there was a related issue of whether the Government could properly invoke a state secrets privilege in order to support a motion to quash the subpoena. This Court believes that that question is separate and distinct from the question on the relevance of the documents to the defense of the criminal matter. Accordingly, while the action which Judge Randa took was not contemplated by this Court when it requested him to review

---

3. Judge Randa succeeded Judge Wedemeyer to the branch of the Milwaukee County Circuit

Court in which the criminal proceedings were pending.

the summaries, this Court would not feel it appropriate to become involved in his decision on relevance.

■ We concur with the district court in its determination that the issue of relevance of the subpoenaed documents to the defense of the criminal proceedings was never before the federal court. Thus, we conclude that the position advanced by Hamdia is based on the faulty premise that the relevance issue had been removed to federal court. None of the authorities relied upon by Hamdia address the limited removal that is present in the instant case. Hamdia has cited no authority to support the contention that the district court lacked the authority to request the state court to review document summaries.[4] Jurisdiction over the issue of relevance of the subpoenaed documents was vested in the state court; the parties concede that the district court had no authority to issue any orders or make any findings on the relevance issue. In the interests of judicial economy, the district court requested the state court to review the summaries. The state court had retained jurisdiction over the relevance issue; that its actions exceeded those requested does not obviate the fact that the state court held that the motion to quash should have been granted. We hold that the district court did not err in holding that the unrequested determination by Judge Randa on relevance rendered the contempt issue moot.

■ With regard to Hamdia's second argument, that the state court exceeded its jurisdiction in quashing the subpoena duces tecum, the basis of Hamdia's contention is that the state court acted on an issue that had been removed to federal court. As discussed above, the fallacy of this position is that the question of relevance of the subpoenaed documents to the criminal proceedings was not removed to the district court; rather, the state court retained jurisdiction over the issue. Further, Hamdia asserts that even if the state court did have jurisdiction to reconsider the issue, the manner in which it did so denied him due process of law and right to counsel in violation of the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. Basically, Hamdia contends that the successor trial court exceeded its authority in overturning the predecessor court's order, and in doing so without affording the parties notice and a right to a hearing, violated his constitutional rights.

■ Hamdia filed a petition for leave to appeal the order of Judge Randa questioning the subpoena with the Wisconsin Court of Appeals. The state appellate court denied the petition. Hamdia asserts that the fact that he sought a discretionary review before the Wisconsin Court of Appeals does not preclude this court from addressing the same issues. The district court, however, stated:

> [T]his Court does not find it necessary to consider the question of what Wisconsin law does or does not allow a successor trial judge to do. This is for the Wisconsin appellate court to determine.

---

4. Nor do the cases cited by the United States provide much guidance on this issue. The government contends that the request made by the district court of the state court judge was "within the spirit of the model" established in *Douglas Oil Co. v. Petrol Stops Northwest,* 441 U.S. 211, 99 S.Ct. 1667, 60 L.Ed.2d 156 (1979) and followed by the Third Circuit in *In re Grand Jury Proceedings (Wright II),* 654 F.2d 268 (3d Cir.1981), *cert. denied,* 454 U.S. 1098, 102 S.Ct. 671, 70 L.Ed.2d 639 (1981). *Douglas Oil* concerned a federal civil litigant's right to obtain transcripts of federal criminal grand jury proceedings. In *Wright II,* the district court ordered a state court judge to meet with a United States attorney for the purpose of determining which United States grand jury materials might be relevant to the defense in a criminal proceeding pending before the state court judge. The state court judge appealed, and the Third Circuit held that under the All Writs Act, 28 U.S.C. § 1651(a), the district court had the power to charge the state court judge to confer with the United States Attorney. Because *Douglas Oil* and *Wright II* both involved grand jury materials, and because no writ or order was issued in the instant case, we are not persuaded by the United States' argument that the All Writs Act serves as the basis for the district court's authority to request the state court to review the document summaries.

We agree with the conclusion of the district court that all issues related to the authority of the state court judge to reverse the order of his predecessor are a matter of Wisconsin law to be addressed to the Wisconsin appellate courts. Such issues were not properly before the district court nor are they reviewable by this court.

Affirmed.