**Youava VANG and Vang Chang Heu, Plaintiffs,**

v.

**John D. HEALY, Interim Director Department of Social Services, State of California, and Does I–V, Defendants.**

No. 92–0705–WBS/JFM.

United States District Court, E.D. California.

Sept. 15, 1992.

Legal Services of Northern California, Gary F. Smith, Woodland, Cal., Curtis L. Child, Sacramento, Cal., for plaintiffs.

John Richard Pierson, Asst. Deputy Atty. Gen., Daniel E. Lungren, Atty. Gen. of the State of Cal., Sacramento, Cal., for defendants.

Kathryn D. Ray, U.S. Dept. of Justice, Washington, D.C., for intervenor.

## MEMORANDUM AND ORDER

SHUBB, District Judge.

## I. BACKGROUND

From September 1, 1983 to July 31, 1989 and from February 1, 1990 to July 31, 1990, plaintiffs Youava Vang and Vang Chang Heu (hereinafter "plaintiffs") were recipi-

ents of Aid to Families with Dependent Children ("AFDC") benefits, which made them categorically eligible for food stamp benefits. Complaint at ¶ 7. In May 1989, plaintiffs reported the purchase of a 1987 Chevrolet Astro Van through two loans totaling $11,363.00 on their monthly Income Report to the Sacramento County Welfare Department (hereinafter "County"). Complaint at ¶ 8. Based upon AFDC resource standards, the County correctly determined that the plaintiffs remained eligible for AFDC, and thus, categorically eligible for food stamps.

Effective July 31, 1989, the plaintiffs' AFDC benefits were discontinued because plaintiff Chang Vang Heu became employed. Due to a difference in the AFDC and food stamp resource limits for automobiles, the plaintiffs' automobile rendered them ineligible for food stamp benefits under nonassistance household regulations. However, from August 1, 1989 to January 31, 1990 and from August 1, 1990 to September 30, 1990, the plaintiffs continued to receive food stamp benefits as a non-assistance food stamp household due to erroneous certification by the County. Complaint at ¶ 9. Having timely reported all of their income and resources, plaintiffs apparently believed they were entitled to the benefits they received throughout this period.

The County discovered its error on September 7, 1990, calculating an overissuance of $3,465.00 and demanded payment from plaintiffs. Complaint at ¶ 12. The plaintiffs requested and were granted a state administrative fair hearing on the alleged overissuance and demand for repayment, where they alleged that under state law, recovery by the County was barred by the doctrine of equitable estoppel. Their argument was rejected by the Administrative Law Judge ("ALJ") who initially heard the case, but was adopted by another ALJ upon rehearing. Complaint at ¶ 14–16. Rejecting the ALJ's proposed decision that California estoppel law barred the County from collecting the food stamp overissuance from the plaintiffs, the California Director of Social Services (hereinafter "defendant") concluded instead that the doc-

trine of equitable estoppel does not apply in food stamp cases. Complaint at ¶ 17.

On April 8, 1992, plaintiffs filed a petition for a writ of mandamus pursuant to Welfare and Institutions Code § 10962 and Code of Civil Procedure §§ 1085 and 1094.5 and a complaint for declaratory and injunctive relief in the Superior Court of California for the County of Sacramento. Defendant then filed a notice of removal on April 30, 1992, alleging that this action arises under federal law.

Before the Court are plaintiffs' motion for remand and/or summary judgment, defendant's motion to dismiss, and the United States' motion to intervene and dismiss.

## II. MOTION TO REMAND

The removal jurisdiction of the federal courts is derived entirely from the statutory authorization of Congress. As such, federal law determines whether the elements for removal have been met in a given case. In interpreting federal law, the Court is mindful that removal statutes are strictly construed against removal. 14A *Wright, Miller and Cooper, Federal Practice and Procedure*, § 3721, pp. 533–37.

Plaintiffs move that this case be remanded to the Superior Court for the County of Sacramento because removal under 28 U.S.C. § 1441(a) is improper. Section 1441(a) allows removal to federal district court of any civil action brought in state court of which the district court has original jurisdiction. A district court has original federal question jurisdiction in cases arising under the Constitution, laws, or treatises of the United States. 28 U.S.C. § 1331(a).

This statutory phrase has led to a doctrine known as the well-pleaded complaint rule. This rule asserts that a case "arises" under federal law if the plaintiff's com-

plaint establishes that a right or immunity created by the Constitution or the laws of the United States is an essential element of the plaintiff's cause of action. *Gully v. First National Bank in Meridian*, 299 U.S. 109, 112, 57 S.Ct. 96, 97, 81 L.Ed. 70 (1936). The corollary to this principle is that a case will not arise under federal law where the complaint, presenting a state-law cause of action, anticipates a federal defense. *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 13, 103 S.Ct. 2841, 2848, 77 L.Ed.2d 420 (1983). "[I]t has been settled law that a case may not be removed to federal court on the basis of a federal defense ..., even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Id.* at 14, 103 S.Ct. at 2848.

■ The plaintiffs' complaint alleges that the County is estopped, based upon California estoppel law, from collecting the overissuance of food stamps to the plaintiffs and that the final decision of the defendant, failing to apply the doctrine of equitable estoppel, constitutes a prejudicial abuse of discretion, is not supported by the law, and is not based on substantial evidence and therefore must be set aside. Plaintiffs' right to relief is clearly based upon state law. It must be acknowledged that a court could not provide the plaintiffs a remedy and set aside the director's decision without a finding that federal law does not prohibit the application of the equitable estoppel doctrine. Nonetheless, the fact that the plaintiffs' right to relief under state law requires resolution of a federal question does not make the plaintiffs' claim "arise" under federal law.[1]

■ Nor can the plaintiffs' claim be said to arise under federal law based upon the

1. Despite the presence of a substantive question of federal law due to a federal defense to defeat a state tax claim, the Court in *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.* refused to uphold removal jurisdiction stating: "California law establishes a set of conditions, without reference to federal law, under which a tax levy may be enforced; federal law becomes relevant only by way of a defense to an obligation created entirely by state law, and then only if appellant has made out a valid claim for relief under state law ... The well-pleaded complaint rule was framed to deal precisely with such a situation." 463 U.S. at 13, 103 S.Ct. at 2848.

82

defendant's preemption argument. Courts have recognized that although, in most cases, plaintiffs control whether a claim is removable to federal court by the manner in which they plead their case, on rare occasions federal law is so dominant and pervasive in an area that a complaint alleging only state law claims that comes within the federal statute necessarily arises under federal law. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63–64, 107 S.Ct. 1542, 1546–47, 95 L.Ed.2d 55 (1987). Addressing this exception to the well-pleaded complaint rule, the Ninth Circuit has indicated that the relevant inquiry is "whether Congress intended a preemptive force so powerful as to displace entirely any state cause of action within the ambit of the federal cause of action." *Whitman v. Raley's Inc.*, 886 F.2d 1177, 1180–81 (9th Cir.1989).

If this case was, as defendant sees it, a challenge by the plaintiffs to extend the eligibility requirements of the Federal Food Stamp Act, plaintiffs' claim might very well be rooted in federal law, thus enabling a federal court to exercise jurisdiction. However, this case does not involve eligibility requirements. Rather, it involves the collection of food stamp overissuances. Although eligibility requirements are strictly governed by federal law, the collection of food stamp overissuances has been broadly delegated to the states. The Secretary of Agriculture has delegated to the state agencies "the authority to determine the amount of, and settle adjust, compromise or deny all or part of any claim which results from fraudulent or nonfraudulent overissuances to participating households." 7 C.F.R. 271.4(b). This delegation of authority to the states cuts squarely against the view that the federal act was intended to preempt any and all state law claims that relate to it.

■ Defendant asserts in his memorandum of points and authorities in opposition to plaintiffs' motion to remand that even if jurisdiction is improper under § 1441(a), re-

moval can be properly based upon 28 U.S.C. 1442(a). Title 28 1442(a) permits any officer of the United States or agency thereof, or person acting under him, to remove to the District Court a civil action commenced in state court against the officer, agency, or person "for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress...." Defendant makes two arguments to justify federal jurisdiction under § 1442(a). His first contention is that removal was proper because the State of California, through the Department of Social Services, is an agent of the Food and Nutrition Service in administering the Food Stamp Program within California, and the state was acting under color of the office of the Secretary in refusing to apply state equitable estoppel doctrine to this case. Since the State was a party at the time of removal, defendant claims that removal was proper because it could have been brought under § 1442(a)(1), as a person acting under an officer of the United States. This contention must be rejected. The Director of Social Services is not being sued as a person acting under an officer of the United States but is being sued in his official capacity as the State Director of Social Services for the final administrative decision he issued with regard to plaintiffs' state law claims. In addition, the Director is being sued in his official capacity according to the state statutory scheme established for the purpose of challenging such decisions. *See* Welfare and Institutions Code § 10962; Code of Civil Procedure § 1094.5. The fact that the Director may have decided as he did based upon what he believed federal law mandated, does not make his ruling an act under color of office of the Secretary.[2]

■ In the alternative, defendant argues that this court should not remand this case based upon principles of judicial economy because, even if this matter was remanded,

**2.** The First Circuit in *M.A.I.N. v. Com'r Maine Dept. of Human Servs.*, 876 F.2d 1051 (1st Cir. 1989), rejected a similar argument that the Commissioner of the State Department of Human Services, being sued for promulgating state regulations enacted to conform with federal regulations, was a person acting under color of a federal office by enacting the state regulations. 876 F.2d at 1054–55.

the Secretary would be authorized pursuant to § 1442(a) to remove the matter back to this court.[3] Although the suggestion may be superficially appealing, sound judicial principles dictate that this court remand.

In determining the existence of removal jurisdiction based upon federal question, the court must examine the complaint as of the time the removal petition was filed. *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062 (9th Cir.1979). In order for the Court to have the authority to entertain the Secretary's motion to intervene, the Court must already have jurisdiction to hear the case. Without an independent basis for jurisdiction, the court cannot hear and grant a motion which then would give the court jurisdiction.[4]

■ Furthermore, federal jurisdiction cannot be based upon the presumed eventual intervention of the United States because it is not for this court in the first instance to decide whether the United States can or must be joined. The Superior Court must first determine if the United States is entitled to intervene according to its rules.[5]

Since no basis for removal jurisdiction is present, the Court must grant plaintiffs' motion for remand. All other motions before the Court need not be addressed.

IT IS THEREFORE ORDERED that plaintiffs' motion for remand be, and the same is hereby GRANTED, and this action hereby REMANDED to the Superior Court of the State of California, in and for the County of Sacramento.

**3.** Defendant relies upon *Lewis v. Time, Inc.*, 710 F.2d 549 (9th Cir.1983) to assert that as long as a basis for removal exists at the time of judgment, remand is not necessary. *Lewis* is not applicable to this case. In *Lewis,* after the case was removed and the plaintiff's motion for remand was denied, the plaintiff did not appeal the denial, and the case was tried on the merits. The court held that, where there is no appeal of a denial of a remand motion and a final judgment has been entered, the issue on appeal is whether, when the final judgment was entered, jurisdiction existed. In this case, no final judgment has been entered. Consequently, the concerns for judicial economy here are not as weighty as those present on appeal after a full trial on the merits.

**4.** This argument was also rejected in *Libhart.* There the federal court in remanding the case to state court found that causes of action comprising the original complaint as filed in state court did not state a federal question. Consequently,

the court had no jurisdiction to entertain a later amendment to the complaint to allege another cause of action which would have justified removal had it been alleged in state court prior to removal. 592 F.2d 1062, 1065.

**5.** *See, International Primate Protection League v. Tulane Educ. Fund,* — U.S. —, —, 111 S.Ct. 1700, 1709–10, 114 L.Ed.2d 134 (1991) (remand to state court was required, despite a claim by National Institutes of Health (NIH) that remand would be futile, because whether NIH or one of its officers was an indispensable party turns on a question of state law). The United States claims it has a right to intervene in this action because the Food Stamp program is entirely federally funded. However, concern for the Federal Treasury may not be warranted in this action because Congress has protected the Treasury with a provision allowing the federal government to sue the states for negligently made overissuances. *See* 7 U.S.C. 2020(h), 2022(a); *See also* 7 C.F.R. §§ 276.1 *et seq.*