**STATE OF INDIANA, Plaintiff,**

v.

**Raymond K. ADAMS, Defendant.**

**In re Order Denying Motion to Quash Subpoenas Directed to Federal Bureau of Investigation Technicians Andrea Gibson and Charles Huff.**

**No. IP95–0725–C–T/G.**

United States District Court,
S.D. Indiana,
Indianapolis Division.

June 23, 1995.

Sonia J. Leerkamp, Pros. Attorney's Office, Noblesville, IN, for plaintiff State of Indiana.

Marcus C. Emery, and Robert J. Hill, Indianapolis, IN, for defendant Adams.

Gerald A. Coraz, Asst. U.S. Atty., Office of the U.S. Atty., Indianapolis, IN, for Gibson & Huff.

**Entry Regarding Defendant's Motion to Remand and the Government's Motion To Set Aside the State Court's Denial of Their Motion to Quash Subpoenas**

TINDER, District Judge.

This matter comes before the court upon the motion of Defendant, Raymond K. Adams, to remand this case to the Superior Court of Hamilton County, Indiana pursuant to 28 U.S.C. § 1447(c) and the motion of the United States to set aside the state court's denial of their motion to quash subpoenas in this case.[1] The court, having considered the submissions of the parties, finds that Defendant's motion to remand should be **GRANTED** for the reasons set forth below. Because the court finds that it does not have jurisdiction over the subject matter of the instant dispute, it will not address the substance of the Government's arguments regarding the validity of the subpoenas at issue in this case.

## I. Background Facts and Procedural History

The case underlying the instant dispute is a state court criminal action wherein Defendant is charged with three murders for which the state is seeking the death penalty. The present trial date for the murder prosecution is July 5, 1995. In connection with the investigation of those crimes, certain DNA samples were collected and sent to the Federal Bureau of Investigation ("FBI") Laboratory in Washington, D.C. for testing. These tests were conducted by two FBI technicians, Charles Huff ("Huff") and Andrea Gibson ("Gibson"), who are the subject of the instant dispute. The results of the DNA tests were apparently returned to Indiana for interpretation.

Defendant seeks to depose Huff and Gibson to question the procedures used in the testing of the DNA samples and to determine whether their interpretation of the results of

---

1. The Government initially moved for an enlargement of time in which to address the state court's denial of their motion to quash the subpoenas at issue in this case. Due to the impending trial date, the court, in a marginal entry dated June 6, 1995, denied the motion for an enlargement of time, informed the parties that the court would rely upon the Government's memorandum of law filed in the Hamilton Superior Court to support the Government's contention that the state court's decision refusing to quash the subpoenas at issue should be set aside, and instructed Defendant to respond not later than June 13, 1995. The Defendant's response was the instant motion to remand.

those tests differs from that of the experts who will testify at trial. Defendant notes that he does not intend to call Huff and Gibson at trial, rather he intends to enter said deposition testimony upon the record as necessary. To that end, at the request of counsel for the Defendant, on May 22, 1995, subpoenas were issued to Huff and Gibson and Defendant submitted the affidavit required by 28 C.F.R. § 16.22(c) to the United States Attorney for the Southern District of Indiana.

The Government, through the United States Attorney, subsequently filed a motion to quash the subpoena in the Hamilton Superior Court. The reasons provided for the Government's motion were that service of the subpoenas on Huff and Gibson was not proper pursuant to Rules 4.1, 4.16, 5(b) and 45 of the Indiana Rules of Trial Procedure and that the affidavit submitted by Defendant is insufficient to comply with the requirements of 28 C.F.R. § 16.22(c). The state trial court through the Honorable Jerry M. Barr, denied the Government's motion to quash the subpoenas.[2]

Subsequently, on June 5, 1995, the Government filed a notice of removal, seeking to remove to this court that portion of the state court action regarding the subpoenas to Huff and Gibson. On June 13, 1995, Defendant filed the instant motion to remand, which the court will now address.

## II. Discussion

The Government seeks removal to enforce the doctrine stated by the Supreme Court in *United States ex rel. Touhy v. Ragen,* which provides that a subordinate official cannot be held in contempt for refusing to obey a subpoena when his or her compliance has been prohibited by a higher level official based upon valid federal regulations. 340 U.S. 462, 466–68, 71 S.Ct. 416, 418–19, 95 L.Ed. 417 (1951). The Government correctly argues that the regulations in question clearly pro-

hibit Huff and Gibson from being deposed until approval for the deposition has been obtained from the appropriate Justice Department official. 28 C.F.R. § 16.22(a) (1994). Accordingly, any action undertaken by the state court to coerce or compel said testimony in the absence of such approval would be a clear violation of the *Touhy* doctrine. Nevertheless, before the court may address this question, it must determine whether there is any case or controversy before it at all. *General Atomic Co. v. United Nuclear Corp.,* 655 F.2d 968, 968–69 (9th Cir.1981), *cert. denied,* 455 U.S. 948, 102 S.Ct. 1449, 71 L.Ed.2d 662 (1982) ("A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears."); *Vang v. Healy,* 804 F.Supp. 79, 81 (E.D.Cal.1992); *Fleet Bank— NH v. Engeleiter,* 753 F.Supp. 417, 418 (D.N.H.1991); *Fountain Park Coop., Inc. v. Bank of Am. Nat'l Trust & Sav. Ass'n,* 289 F.Supp. 150, 153 (C.D.Cal.1968) ("Removal statutes should be strictly construed and all doubts should be resolved in favor of remand.").

The portion of the statute under which the Government attempts to remove this action reads as follows:

(a) A civil action or criminal prosecution commenced in a State court against any of the following persons may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) Any officer of the United States or any agency thereof, or person acting under him, for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

28 U.S.C. § 1442(a)(1). A threshold question which must be addressed in the instant case

---

**2.** As noted below, the Government's argument that the affidavit filed by Defendant pursuant to 28 C.F.R. § 16.22(c) is insufficient has absolutely no relationship to the validity of the subpoenas at issue in this case. Judge Barr's ruling was brief and stated no grounds for the denial of the Government's motion to quash. Although unclear, the court will assume, without deciding the issue,

that Judge Barr's entry of June 1, 1995 denying the Government's motion to quash the subpoenas implicitly found that service of the subpoenas was valid under the Indiana Rules of Trial Procedure. As noted *infra,* the court cannot reach this issue due to the lack of subject matter jurisdiction in this case.

is whether a civil action has been "commenced" against Huff and Gibson such that they may remove said action to this court.

 It is clear that commencement in the state court of a contempt action intended to compel discovery which has not been approved by a federal agency would constitute an action "commenced" against a federal official. *Wisconsin v. Hamdia,* 765 F.2d 612, 614–15 (7th Cir.1985); *Wisconsin v. Schaffer,* 565 F.2d 961, 963 (7th Cir.1977); *California v. Reyes,* 816 F.Supp. 619, 622 (E.D.Cal. 1992). Moreover, another court in this district has recently held that an order to compel such discovery issued by the state trial court would sufficiently "commence" an action against the federal official so as to justify removal. *Bosaw v. National Treasury Employees' Union,* 887 F.Supp. 1199, 1207–09 (S.D.Ind.1995); *see also Nationwide Investors v. Miller,* 793 F.2d 1044, 1046–47 (9th Cir.1986); *Ferrell v. Yarberry,* 848 F.Supp. 121, 122–23 (E.D.Ark.1994). The question before this court is whether a subpoena, standing alone, even after the denial of a motion to quash, is sufficient to constitute commencement of a civil or criminal action against the officials involved so as to justify removal.

The court cannot succinctly answer this question without some reference to the regulations under which the Government seeks to quash the subpoenas in question. *See* 28 C.F.R. §§ 16.21–16.29 (1994). Section 16.22 of those regulations provides, in pertinent part, as follows:

> (a) In any federal or state case or matter in which the United States is not a party, no employee or former employee of the Department of Justice shall, in response to a demand, produce any material contained in the files of the Department, or disclose any information relating to or based upon material contained in the files of the Department, or disclose any information or produce any material acquired as part of the performance of that person's official duties or because of that person's official status without prior approval of the proper Department official in accordance with §§ 16.24 and 16.25 of this part.

> \* \* \* \* \* \*

> (c) If oral testimony is sought by a demand in any case or matter in which the United States is not a party, an affidavit, or, if that is not feasible, a statement by the party seeking the testimony or by his attorney, setting forth a summary of the testimony sought and its relevance to the proceeding, must be furnished to the responsible U.S. Attorney. Any authorization for testimony by a present or former employee of the Department shall be limited to the scope of the demand as summarized in such statement.

28 C.F.R. § 16.22(a), (c) (1994). This portion of the regulation essentially requires two elements to initiate the process whereby approval may be obtained for the depositions sought in this case: (1) a demand and (2) an affidavit. The question which is key to both the validity of the subpoenas issued in this case and to the question of whether an action has been "commenced" against Huff and Gibson for the purposes of section 1442(a) is what form the "demand" must take.

The regulations themselves make quite clear that a subpoena requesting attendance at a deposition expressly fulfills the requirement of a demand.[3] 28 C.F.R. § 16.21(a)(2) (1994). This interpretation has been adopted by the Seventh Circuit which held that a state court subpoena constitutes the "demand" required by the regulations. *Edwards v. United States Dep't of Justice,* 43 F.3d 312, 316 (7th Cir.1994). Accordingly, the subpoenas issued by the trial court in this case, assuming they are otherwise sufficient, would serve as the "demand" required by section 16.22.

Courts which have interpreted section 1442 broadly generally rely upon the Supreme Court's statement that the policy which favors granting Government officials a federal forum in which to vindicate their federal

---

3. Section 16.21(a)(2) provides:
(2) In all federal and state proceedings in which the United States is not a party ... when a *subpoena, order, or other demand (here-* *inafter collectively referred to as a "demand")* of a court or other authority is issued for such information.
28 C.F.R. § 16.21(a)(2) (1994) (emphasis added).

rights "should not be frustrated by a narrow, grudging interpretation of § 1442(a)(1)." *Willingham v. Morgan,* 395 U.S. 402, 407, 89 S.Ct. 1813, 1816, 23 L.Ed.2d 396 (1969); *accord Arizona v. Manypenny,* 451 U.S. 232, 242, 101 S.Ct. 1657, 1664, 68 L.Ed.2d 58 (1981) (superseded by statute on other grounds). Focusing upon that statement in the context within which it was written, it is clear that the Court intended an expansive reading of the language of section 1442(a)(1) relating to acts done "under color of [a federal] office." *Willingham,* 395 U.S. at 404–07, 89 S.Ct. at 1814–16. However, the Court's construction of the "under color of such office" language would be stretched well beyond its intent by an interpretation that an action had been "commenced" against a federal official before the state trial court had taken any substantive steps to coerce the federal official to comply with a subpoena or other discovery request.

Of equal importance here is the nature of the subpoenas at issue. Under Indiana law, a subpoena to an individual requiring attendance at a deposition is purely a ministerial process. A subpoena is issued by the clerk of the court at the mere request of a party. IND.R.TR.P. 45(A). As a practical matter, the clerk may issue subpoenas in blank to counsel, allowing them to designate the persons subject to attendance pursuant to that process. *Id.* There is no judicial involvement in or sanction of the process at the time a subpoena is issued. Although here, with the trial judge's denial of the Government's motion to quash, *see supra* note 2, the process has progressed slightly further than mere issuance of the subpoenas by the clerk, that brief ruling does *not,* however, further order or compel the attendance of the agents at the depositions. Specifically, Judge Barr ruled as follows:

### JUDGE'S ENTRY OF JUNE 1, 1995

The Clerk shall enter the following on the CCS and shall place this Entry in the RJO:

Motion to Quash Deposition Subpoenas Issued to Charles Huff and Andrea Gibson of the Federal Bureau of Investigation filed by United States Attorney for the Southern District of Indiana is submitted and Motion to Quash Deposition Subpoenas is *denied.* Notice Ordered.

(Entry of Hamilton Super.Ct. No. 2, June 1, 1995.)

Obviously, this ruling contains no language of compulsion or order of compliance. Of similar consequence, the Defendant has not, as of this date, applied for an order from the state court—or this court, for that matter— seeking to compel the attendance of Huff and Gibson at the depositions. Certainly, no effort has been made to have either Huff or Gibson held in contempt of the state court process. Either action would likely trigger section 1442. Nevertheless, in the absence of any such action to compel Huff and Gibson to comply with the deposition subpoenas, no action has been "commenced" which may be removed to this court.

Perhaps the Defendant was merely bluffing that he would attempt these depositions. It is not at all unusual that a litigant may make a discovery request and never follow through on the request. Unfortunately, some discovery requests are used merely to delay pending litigation. There is no way to evaluate this request on that basis in the abstract. On the other hand, perhaps the Government will capitulate and permit the agents to testify—or perhaps not. Until this matter progresses further, there is no way to determine whether the provisions of section 1442 will be invoked by an action being "commenced" against Huff and Gibson. Without question, no such action has commenced as of this time.

For these reasons, the court finds that the subpoenas issued to Huff and Gibson constitute nothing more than the "demand" required by section 16.22(a). 28 C.F.R. § 16.22(a) (1994). Consequently, until the state court takes some action intended to coerce Huff and Gibson into complying with the subpoenas, the federal rights vindicated in *Touhy* have not been offended and no action has been commenced against Huff or Gibson which may be removed to federal

court.[4] Accordingly, Defendant's motion to remand this case to the state trial court will be **GRANTED.**[5]

This interpretation of section 1442 comports with general notions of the competence of state courts to vindicate federal rights. As the Supreme Court has noted, "[u]nder [our] system of dual sovereignty, we have consistently held that state courts have inherent authority, and are thus presumptively competent, to adjudicate claims arising under the laws of the United States." *Tafflin v. Levitt,* 493 U.S. 455, 458, 110 S.Ct. 792, 795, 107 L.Ed.2d 887 (1990). This court has faith in the able and experienced state court judge's ability to interpret the relevant law and to refuse any attempts by Defendant to coerce compliance with the instant subpoenas, absent the requisite Justice Department approval.[6]

█ Although unnecessary to the resolution of the instant dispute, the court will comment upon three further issues as a means of providing guidance to the litigants in this case. First, the court notes that Defendant's arguments that Huff and Gibson's actions were not done "under color of [their federal] office" is wholly without merit. As noted, this language in section 1442(a)(1) is to be interpreted broadly and, essentially, all that is required is a statement by the Government in its notice of removal that said officers were acting under color of their federal office. *Venezia v. Robinson,* 16 F.3d 209, 212 (7th Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 71, 130 L.Ed.2d 26 (1994). Consequently, absent the Government's failure to demonstrate an actual controversy for this court to resolve, the instant issue would have been properly removed to this court.

Second, the parties should note that this court's jurisdiction on removal would not exceed that of the state trial court. *Edwards,* 43 F.3d at 315–16; *Boron Oil Co. v. Downie,* 873 F.2d 67, 70–71 (4th Cir.1989); *Bosaw,* 887 F.Supp. at 1209–10. Accordingly, should it be found that the state court did not have jurisdiction to compel the testimony in question, this court would likewise be without such jurisdiction and the sole remedy available would be to vacate the court order directed toward coercing the testimony in question.

Finally, the court notes that the instant matter presently lies within a convoluted procedural morass which could be easily corrected. Defendant appears to have made a good faith effort to provide the affidavit dictated by section 16.22(c). The United States Attorney, who likely has considerably more experience in dealing with matters of this sort, could contact counsel for the Defendant and inform them of what information is lacking from the affidavit so that it might be corrected instead of simply opposing the affidavit as

---

**4.** As noted, the Hamilton Superior Court's decision denying the Government's motion to quash the subpoenas has no effect upon the status of this case. The subpoenas, in and of themselves, are an entirely proper means of effecting the "demand" required by the regulations. Accordingly, a court decision finding no defect in the subpoenas sufficient to dictate they be quashed results in no change in the status quo. It merely allows the subpoenas to continue to operate as the "demand" for the testimony sought by Defendant. No action subject to removal to this court will have been commenced against Huff and Gibson until the state court initiates an act to force Huff and Gibson to comply with the subpoenas issued to them before they have been granted approval by the Justice Department to provide the testimony sought.

**5.** At first glance, this ruling may appear to conflict with the well researched and finely reasoned opinion of the Honorable Larry J. McKinney of this court in the *Bosaw* case. 887 F.Supp. 1199. However, the *Bosaw* case is easily distinguish-

able. In *Bosaw,* the state trial judge had issued an order compelling the production of documents prior to removal of the dispute to federal court. *Id.* at 1203–04. There is no such order here—a significant difference.

**6.** Furthermore, while this court shares the concern of other courts which have addressed this issue that a federal officer should not have to violate a state court directive in order to initiate an action removable to federal court, the court notes that this policy may not be encompassed by the express language of section 1442 and further notes that the Justice Department's own regulations contemplate that a federal officer should refuse to comply with a state court order compelling discovery which has not received Departmental approval. 28 C.F.R. § 16.28 (1994). Thus, to the extent that such refusal may pose an awkward conflict between a federal agency and a state court, the policy ramifications of that conflict have already been considered by the Department of Justice through the promulgation of the regulations.

insufficient. Likewise, counsel for the Defendant could undertake efforts to ensure that the service of the subpoenas challenged by the Government is, in fact, correct. Instead, the trial court is faced with a looming trial date in a serious criminal case which may be adversely affected by this wholly collateral procedural matter. The parties and the interests of justice would be better served by cooperation on all sides so that this matter may begin its ascent through the channels of the Justice Department necessary to obtain the requisite approval. The procedures outlined in sections 16.21 through 16.29 certainly do not authorize the Government to stonewall such discovery requests nor do they provide overly formalistic requirements with which persons seeking discovery from federal officials must comply.

Additionally, the court notes that should the ultimate ruling by the Justice Department on this matter be one denying the discovery sought, Defendant's only remedy would be an action under the federal Administrative Procedure Act, 5 U.S.C. § 701 *et seq.*, for review of the agency's decision. *Edwards*, 43 F.3d at 316. Absent consent to the subpoenas, this would be the only means by which Defendant could possibly compel the deposition testimony sought from Huff and Gibson.

### III. Conclusion

The court finds that the subpoenas issued to Huff and Gibson by the state trial court constitute nothing more than a demand that they provide the requested testimony. The trial court has taken no action directed toward compelling the testimony sought. Consequently, there has been no action "commenced" against Huff and Gibson which may be removed to this court under 28 U.S.C. § 1442(a)(1). Accordingly, Defendant's motion to remand this matter to the Hamilton Superior Court is hereby **GRANTED.**

ALL OF WHICH IS ORDERED.

### Order of Remand

This matter comes before the court upon the motion of Defendant, Raymond K. Adams, to remand this case to the Superior Court of Hamilton County, Indiana pursuant to 28 U.S.C. § 1447(c). For the reasons stated in the memorandum entry accompanying this order, the court hereby GRANTS Defendant's motion to remand this case to the Superior Court of Hamilton County, Indiana under 28 U.S.C. § 1447(c). The Clerk is directed to send a copy of this order to the Clerk of the Superior Court of Hamilton County, Indiana, with a reference to Cause No. 29D02–9403–CF–00009, and is to take all further administrative steps necessary to effectuate remand of this cause.