**Glen W. LIBHART, Plaintiff and Appellant,**

v.

**SANTA MONICA DAIRY CO., a California Corporation, as itself and d/b/a Edgemar Farms, Santa Monica Dairy Co., a partnership d/b/a Edgemar Farms, Walter J. Michel, Individually and as a partner of Santa Monica Dairy Co., H. Ralph Michel, Individually and as a partner of Santa Monica Dairy Co., John M. Michel, Individually and as a partner of Santa Monica Dairy Co., William H. Michel, Individually and as a partner of Santa Monica Dairy Co., Richard A. Michel, Individually and as a partner of Santa Monica Dairy Co., International Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers of America, Wholesale and Retail Dairy and Ice Cream Drivers, Local 306, Defendants and Appellees.**

No. 76–2343.

United States Court of Appeals, Ninth Circuit.

March 8, 1979.

Gary K. Olsen (argued), Olsen & Sorrentino, Los Angeles, Cal., for plaintiff and appellant.

J. Nicholas Counter, III (argued), Los Angeles, Cal., for defendants and appellees.

Before HUG and TANG, Circuit Judges, and BURNS *, District Judge.

HUG, Circuit Judge:

This is an action which was initially brought in a California state court by Libhart against his employer, Santa Monica Dairy Co., the individual owners of the dairy, and the union which represented him as bargaining agent. The dispute arose as a result of a change in relationship between the dairy and its route drivers, one of which was Libhart. When the collective bargaining agreement between the dairy and the drivers terminated, the dairy, with the consent of the union, determined that it would no longer employ drivers, but instead would enter into an agreement with the drivers as independent contractors. Libhart claimed various violations of his rights and brought suit for damages and declaratory relief. The complaint filed with the state court alleged five causes of action.

On the petition of the defendants, claiming the existence of a federal question, the case was removed to the federal court under the provisions of 28 U.S.C. § 1441(b).[1] After removal, the complaint was amended by plaintiff to state a sixth cause of action under § 301 of the National Labor Relations Act, 29 U.S.C. § 185. On cross motions for summary judgment, the district court entered an order granting partial summary judgment in favor of the defendants on Libhart's sixth cause of action and remanding the original five causes of action to the state court on the grounds that they stated no federal question. The court specifically found that the sixth cause of action presented the sole federal question in the complaint.

At the outset, we are confronted with a jurisdictional issue, though it was not raised by the parties. The district court, in finding that the complaint, as originally filed in the state court, did not present a federal question, implicitly found that the removal had been improper, thus dissolving its jurisdiction to grant summary judgment on the sixth cause of action. We therefore vacate the order of the district court granting partial summary judgment, for lack of jurisdiction.

## Discussion

■ At the core of the federal judicial system is the principle that the federal courts are courts of limited jurisdiction. A review of the federal court's jurisdiction is a threshold question which must be answered prior to the disposition of each case before it. Even though not raised by the parties, lack of jurisdiction may be considered by the court, at any stage of the proceedings. *Chicago, Burlington & Quincy Ry. v. Willard,* 220 U.S. 413, 31 S.Ct. 460, 55 L.Ed. 521 (1911).

■ The removal jurisdiction of the federal courts is derived entirely from the statutory authorization of Congress. We look to federal law to determine whether the elements of removal jurisdiction have been established under the statutes, keeping in mind that removal statutes are strictly construed against removal. *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); 14 Wright, Miller and Cooper, *Federal Practice and Procedure,* § 3721, pp. 533–37.

■ It is not necessary to secure an order from either the state or federal court in order to complete removal of the case. Removal is accomplished merely by a defendant filing a verified petition stating the facts which entitle him to removal, together with a copy of all process, pleadings and orders served upon him in the action, and a bond for costs. 28 U.S.C. § 1446; 14

---

* Honorable James M. Burns, United States District Judge for the District of Oregon, sitting by designation.

1. 28 U.S.C. § 1441(b) provides:
   (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

Wright, Miller and Cooper, *Federal Practice and Procedure,* § 3730, p. 715. The propriety of the removal may later be tested in the federal court, either on a motion by a party to remand, or by the court on its own motion. The provisions of 28 U.S.C. § 1447(c) require the court to remand the case if at any time before final judgment it appears that the case was removed improvidently.[2] An order remanding a case to the state court which was removed under 28 U.S.C. § 1441(b) is not reviewable on appeal or otherwise. 28 U.S.C. § 1447(d).[3] *United States v. Rice,* 327 U.S. 742, 66 S.Ct. 835, 90 L.Ed. 982 (1946); *In re Bear Creek Drainage District,* 267 F.2d 849 (10th Cir. 1959).

■ Procedural defects in the removal of an action may be waived by the failure to make a timely objection before the case proceeds to the merits. *Powers v. Chesapeake & Ohio Ry.,* 169 U.S. 92, 18 S.Ct. 264, 42 L.Ed. 673 (1898); *Barrow Development Co. v. Fulton Ins. Co.,* 418 F.2d 316 (9th Cir. 1969). However, defects going to the subject matter jurisdiction of the court cannot be waived and may be raised at any time. *American Fire & Cas. Co. v. Finn,* 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951); *Chicago, Burlington & Quincy Ry. v. Willard, supra*; 14 Wright, Miller and Cooper, *Federal Practice and Procedure,* § 3721, pp. 543–45.

■ The plaintiff in this action did not move to remand the case to the state court. The federal court, however, specifically found, in the process of deciding the cross motions for summary judgment, that the five causes of action comprising the original complaint as filed in the state court did not state a federal question. The court therefore remanded these causes of action to the state court. This was an implicit finding that no basis for removal had existed under § 1441(b) at the time the petition for removal was filed. Therefore, no federal jurisdiction existed to entertain a later amendment to the complaint to allege the sixth cause of action. The remand is, in effect, a remand under § 1447 and is not reviewable.[4] Although the sixth cause of action, filed in federal court after removal, did state a federal question which would have justified removal had it been alleged in the state court prior to removal, this does not confer removal jurisdiction on the federal court. In determining the existence of removal jurisdiction based upon a federal question, we must look to the complaint as of the time the removal petition was filed. *Great N. Ry. v. Alexander,* 246 U.S. 276, 38 S.Ct. 237, 62 L.Ed. 713 (1918). The Supreme Court there stated:

> [W]hether a case arising, as this one does, under a law of the United States is removable or not, when it is commenced (there being no claim of fraudulent attempt to evade removal), is to be determined by the allegations of the complaint or petition and that if the case is not then removable it cannot be made removable by any statement in the petition for removal or in subsequent pleadings by the defendant. * * * It is also settled that a case, arising under the laws of the United States, non-removable on the complaint, when commenced, cannot be converted into a removable one by evidence of the defendant or by an order of

---

**2.** 28 U.S.C. § 1447(c) provides:

(c) If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case, and may order the payment of just costs. A certified copy of the order of remand shall be mailed by its clerk to the clerk of the State court. The State court may thereupon proceed with such case.

**3.** 28 U.S.C. § 1447(d) provides:

(d) An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1443 of this title shall be reviewable by appeal or otherwise.

**4.** This is to be distinguished from a case where the trial judge determines that the state court complaint states a federal question in finding removal proper. In that situation, § 1447 does not prohibit us from reviewing the judge's determination on appeal. *Johnson v. England,* 356 F.2d 44 (9th Cir. 1966); *Sheeran v. General Elec. Co.,* 593 F.2d 93 (9th Cir. 1979).

the court upon any issue tried upon the merits * * *.

*Id.* at 281, 38 S.Ct. at 239.

██ The basis for the district court's action in ruling on the sixth cause of action and remanding the remaining five was its reliance on 28 U.S.C. 1441(c) which states:

(c) Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

This section, however, is not applicable to this case. It provides for removal jurisdiction with discretion to remand non-removable claims when one removable claim is joined with non-removable claims in the state court. In the case at hand, the removable claim was not filed in the state court.

One other situation should be noted, although not applicable in this case. The Supreme Court has recognized certain circumstances where a judgment of a district court may be upheld, even though there was no right to removal, if (1) the case is tried on the merits; and (2) the federal court would have had jurisdiction had the case been filed in federal court in the posture it had at the time of the entry of the final judgment. *Grubbs v. General Electric Credit Corp.,* 405 U.S. 699, 92 S.Ct. 1344, 31 L.Ed.2d 612 (1972); *American Fire & Cas. Co. v. Finn, supra.* However, that situation did not exist in this case, for the action had not proceeded to trial on the merits. The matter was decided on a motion, with a partial summary judgment having been entered on only one cause of action, with a remand of the original five causes of action to the state court for trial.

The order of the trial court granting partial summary judgment is vacated for lack of jurisdiction. The order remanding the five original causes of action to the state court, which is, in effect, a remand under 28 U.S.C. § 1447, remains operative and is not subject to review.