Montie WAYNE, Catherine Wayne, individually and d/b/a Pacific Gold Distributing and d/b/a Montie's Meat Market, Plaintiffs,

v.

Barry BUEHLER, Robert Buehler, individually and d/b/a Buehler's Mercantile, a Nevada Partnership; D.R. Buehler and Dean McAthie, individually and doing business as Buehler's Mercantile, a Nevada Partnership, Defendants.

CV–N–86–540–ECR.

United States District Court,
D. Nevada.

Sept. 3, 1987.

Iris S. Malsman, South Lake Tahoe, Cal. and Gregory Corn, Reno, Nev., for plaintiffs.

Jeffrey K. Rahbeck, Stateline, Nev., for defendants.

## ORDER

EDWARD C. REED, Jr., Chief Judge.

This case was filed on November 25, 1986. The plaintiffs seek damages caused by an alleged breach of contract by the defendants. Plaintiffs assert diversity of jurisdiction as the basis for the Court's subject matter jurisdiction.

On March 19, 1987, following a motion by defendants to dismiss for failure to join indispensable parties, the plaintiffs filed a First Amended Complaint for Damages. The amendment added two defendants and rendered moot the defendants' motion.

On April 22, 1987, the defendants filed another Motion to Dismiss (docket # 10). This motion is before the Court. The motion is based on the assertion that the Court lacks subject matter jurisdiction because there is not complete diversity of citizenship of the parties to this case. Specifically, the defendants establish by affidavit that defendant Dean McAthie is a citizen of the State of California, as are all plaintiffs.

The plaintiffs opposed the Motion to Dismiss on May 6, 1987 (docket # 12). The plaintiffs do not contest the assertion that McAthie is a California citizen. Their opposition is instead based upon the argument that the defendants should be estopped from asserting the defense of lack of subject matter jurisdiction. The plaintiffs argue that the defendants have failed to comply with certain state filing requirements. The named individual defendants are all partners in a Nevada partnership called Buehler's Mercantile. NRS §§ 602.010 and 602.020 require a general partnership doing business in Nevada under an assumed or fictitious name to file, with the county clerk of the county in which the partnership's business is carried on, a certificate containing, along with other information, the names and places of residence of the

individuals carrying on the business of the partnership. The certificate filed by Buehler's Mercantile in Douglas County is apparently not in compliance with Nevada law: Barry Richard Buehler is the only named partner on the certificate. The plaintiffs apparently take the position that because of the defendants' noncompliance with the Nevada filing requirements they were unable to determine the names and addresses of the partners in Buehler's Mercantile. Because of this noncompliance, then, say the plaintiffs, the defendants should be estopped from asserting McAthie's California residence.

On May 11, 1987, the defendants replied (docket # 14). The defendants do not contest the assertion that they have failed to comply with NRS §§ 602.010 and 602.020.

The affidavit filed by the defendants in support of their motion establishes the California residence of defendant McAthie. The plaintiffs allege in their complaint that they are all California residents. Therefore, there clearly is not complete diversity of citizenship of the parties to this case. The Court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1332.

The plaintiffs have provided and the Court has found no authority for the proposed estoppel.

■ Defects going to the subject matter jurisdiction of the Court cannot be waived and may be raised at any time. *American Fire & Casualty Co. v. Finn,* 341 U.S. 6, 18–19, 71 S.Ct. 534, 542–43, 95 L.Ed. 702 (1951); *Libhart v. Santa Monica Dairy Co.,* 592 F.2d 1062, 1065 (9th Cir.1979). The Supreme Court, in *Finn,* stated: "The jurisdiction of the federal courts is carefully guarded against expansion by judicial interpretation or by prior action or consent of the parties." 341 U.S. at 18–19, 71 S.Ct. at 542–43. The jurisdictional reaches of the federal district courts are governed by grants of jurisdiction in acts of Congress. *Id.* at 18, 71 S.Ct. at 542.

■ The reasoning that requires the Courts to refrain from finding waivers of jurisdictional defects also mandates that this Court must hesitate to find a party estopped from asserting the defense of lack of subject matter jurisdiction as a result of actions taken before the initiation of litigation and in a context outside litigation. The Court finds that the defendants are not so estopped.

■ Moreover, even if it were proper for the plaintiffs to assert estoppel on the facts before the Court, the Court could not find that the elements of an estoppel are present. The doctrine of estoppel is available if the following elements are present: (1) the party to be estopped must know the facts; (2) he must intend that his conduct shall be acted on or must act such that the party asserting the estoppel has a right to believe it is so intended; (3) the latter must be ignorant of the true facts; and (4) he must rely on the former's conduct to his injury. *Ellenburg v. Brockway, Inc.,* 763 F.2d 1091 (9th Cir.1985). The Court cannot find that the plaintiffs had a right to rely on the defendants' failure to properly file under NRS §§ 602.010 and 602.020 in determining that defendant McAthie was not a resident of California. Also, the Court cannot find that plaintiffs have been injured by their alleged reliance on the defendants' noncompliance with NRS §§ 602.010 and 602.020. It appears that state fora are available for the plaintiffs' claims.

IT IS, THEREFORE, HEREBY ORDERED that the defendants' Motion to Dismiss (docket # 10) is *GRANTED.* The plaintiffs' complaint is *DISMISSED.*

IT IS FURTHER ORDERED that the Clerk of the Court shall enter judgment accordingly.