UNITED STATES of America, Plaintiff,

v.

**William W. SWOR, Defendant.**

**No. 87–71087–DT.**

United States District Court,
E.D. Michigan, S.D.

July 23, 1991.

Assistant U.S. Atty., Joseph E. Mooney, Detroit, Mich., for plaintiff.

William W. Swor, Detroit, Mich., for defendant.

## MEMORANDUM OPINION AND ORDER

ZATKOFF, District Judge.

## I. BACKGROUND

On March 24, 1987, plaintiff-government filed an action against defendant-Swor to collect on a loan to Swor awarded under the National Direct Student Loan Program ("NDSL").[1] In mistakenly believing that the statute of limitations had run, the government stipulated to a dismissal "with prejudice" pursuant to Fed.R.Civ.P. 41(a)(2). Later, in October, 1988, the government placed the fact that the defendant had defaulted on repayment of his student loan on credit report listings, and it is this action, essentially, that has spawned the current controversy.

This matter is before the Court on Swor's "Motion In Aid of Jurisdiction."[2] In his motion, Swor argues that the government should not have placed his default on credit report listings because the dismissal with prejudice amounted to an admission that the government lacked a legitimate claim against Swor for repayment. Swor requests that the Court enter an order "directing that the United States, pursuant to its Stipulation of Dismissal, correct defendant's credit records and remove all claims that defendant is in default on his National Student Education Loan."

The government has filed a response brief, in which it argues that although the dismissal with prejudice foreclosed subsequent legal action to recover on the debt, it did not preclude alternative methods of debt collection, namely placing the default on credit report listings.

■ After reviewing the motion, briefs, and file, the Court concludes that it lacks jurisdiction over this matter. Thus, the Court *sua sponte* dismisses the motion under Fed.R.Civ.P. 12(h)(3).[3]

## II. ANALYSIS

### A. Applicable Law

■ A dismissal under Rule 41(a)(2) forecloses the district court's exercise of jurisdiction over subsequent disputes relating to the dismissal, unless one or both of the following conditions exists: (1) it can be inferred that the district court retained jurisdiction over such matters; *McCall–Bey v. Franzen*, 777 F.2d 1178, 1188 (7th Cir. 1985); and/or (2) the parties incorporated into the order of dismissal a settlement agreement that was executed in response to pending litigation in the district court; *ARO Corp. v. Allied Witan Co.*, 531 F.2d 1368, 1371 (6th Cir.1976).

---

1. The NDSL Program is now known as the Perkins Loan Program.

2. Swor has not complied with E.D.Mich. Local R. 17(c) ("[a]ll motions shall state with particularity the grounds therefor....").

3. It should be noted that Rule 12(h)(3) empowers the Court to dismiss an action "[w]henever it appears by suggestion of the parties or otherwise that the Court lacks jurisdiction of the subject matter...." Thus, the Court may on its own initiative dismiss a case if subject matter jurisdiction is lacking. *See, e.g., Insurance Corp. of Ireland, Ltd. v. Compagnie Des Bauxites De Guinee*, 456 U.S. 694, 702, 102 S.Ct. 2099, 2104, 72 L.Ed.2d 492 (1982); *Ramey Construction Co. v. Apache Tribe of the Mescalero Reservation*, 673 F.2d 315, 318 (10th Cir.1982); *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir.1979); *United States v. Durensky*, 519 F.2d 1024, 1029 (5th Cir.1975).

*B. Discussion*

In relevant part, the order of dismissal states that "IT IS HEREBY ORDERED that the above-entitled cause be dismissed with prejudice and without costs to either party." The order of dismissal does not provide a basis for inferring a reservation of jurisdiction in order to resolve potential disputes. The fact that the order of dismissal was "with prejudice" militates against inferring a retention of jurisdiction and strongly suggests that the district court dismissed the case outright, thereby relinquishing jurisdiction. Thus, under *McCall–Bey*, the Court cannot assert jurisdiction over Swor's motion. Furthermore, the record does not indicate that the parties incorporated into the order of dismissal a settlement agreement, which under *ARO* would confer jurisdiction over subsequent disputes. Clearly, *McCall–Bey* and *ARO* preclude jurisdiction over Swor's motion.

### III. CONCLUSION

Plaintiff cannot resurrect a previously dismissed case by requesting relief by motion. Accordingly, Swor's motion is DISMISSED under Fed.R.Civ.P. 12(h)(3) for lack of subject matter jurisdiction.

IT IS SO ORDERED.