996 F.2d 1230
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Paula H. WELLS, Plaintiff-Appellant,
v.
AMERICAN AIRLINES, INC.; La Super Shuttle, aka: Super
Shuttle International, Defendants-Appellees.
 No. 93-55032.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 21, 1993.*
Decided July 1, 1993.
 
 Before: CANBY, FERNANDEZ, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Paula H. Wells appeals pro se the district court's dismissal, pursuant to Fed.R.Civ.P. 12(b)(6), of her action for damages stemming from the loss of her luggage by defendants. The district court held that Wells's action was barred by the two-year statute of limitations contained in Article 29 of the Warsaw Convention.[1] We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, see Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990), and affirm.
 
 
 3
 Wells was a passenger on an American Airlines ("American") flight from St. Lucia, British West Indies to Los Angeles, California on September 3-4, 1990. The flight arrived at Los Angeles International Airport on September 4, 1990 but Wells's luggage was delayed. Wells filed a claim for lost baggage. On September 5, 1990, American informed Wells that her luggage had been located. Defendant L.A. Supershuttle ("Supershuttle") was hired to deliver the luggage to Wells, but failed to do so. More than two years later, on September 8, 1992, Wells filed this action in California state superior court. American removed the action to federal court on October 5, 1992.
 
 
 4
 * Removal
 
 
 5
 Wells contends the district court lacked removal jurisdiction over this action because (1) Supershuttle failed to join in American's petition for removal; and (2) her complaint did not raise a question of federal law. These contentions lack merit.
 
 
 6
 First, ordinarily under 28 U.S.C. § 1446(b) all defendants in a state court action must join in a removal petition. See Emrich v. Touche Ross & Co., 846 F.2d 1190, 1193 n. 1 (9th Cir.1988). The record shows Supershuttle failed to join in American's removal petition. Therefore, the removal of this action from state court was procedurally defective. See id. Nevertheless, Wells failed to assert Supershuttle's failure to join the petition either in her objection to the removal petition or in her motion for remand. Thus, because the district court has rendered a decision on the merits, see Fed.R.Civ.P. 41(b), Wells cannot now object to the removal on that ground. See Aradia Women's Health Ctr. v. Operation Rescue, 929 F.2d 530, 534 (9th Cir.1991) (rejecting appellants' argument that removal was improper for failure to join all defendants because appellants failed to object at time of removal); Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1065 (9th Cir.1979) ("[p]rocedural defects in the removal of an action may be waived by the failure to make a timely objection before the case proceeds to the merits").
 
 
 7
 Second, a review of Wells's complaint demonstrates that her complaint raises a question of federal law. The Warsaw Convention is adhered to by the United States. See In re Aircrash in Bali, Indonesia on April 22, 1974, 684 F.2d 1301, 1304 (9th Cir.1982). As a federal treaty, it is a supreme law of the land and has the same effect as legislation. See id. at 1309. The Convention applies "to all cases in which an aircraft is hired to transport someone or something on an international route." Johnson v. American Airlines, Inc., 834 F.2d 721, 723 (9th Cir.1987).
 
 
 8
 Upon the allegations in Wells's complaint, we conclude that this case involves the transport of someone, Wells, and something, her luggage, on an international route under a contract for transportation. The action therefore arises under and is governed by the Convention, a federal law. See id. While jurisdiction over this action may not have been exclusive in the district court, see Warsaw Convention, art. 28, that does not mean the district court lacked jurisdiction over the action, see, e.g., Johnson, 834 F.2d at 722 (action originally filed in state court but later removed to federal court).
 
 
 9
 In sum, although removal of this action was procedurally defective, Wells failed to object on that ground in a timely manner. Because Wells's complaint raises questions of federal law, the district court properly exercised jurisdiction over the action.
 
 II
 Statute of Limitations
 
 10
 Actions for damages caused by the loss of baggage in international transportation are governed by the Warsaw Convention. See 49 U.S.C. § 1502 & note; In re Aircrash in Bali, Indonesia, 684 F.2d at 1304-05. Article 29 of the Convention prescribes a two-year statute of limitations on actions for damages under the Convention. See In re Aircrash in Bali, 684 F.2d at 1305. The limitations period is "reckoned from the date of arrival at the destination, ... or from the date on which the transportation stopped." Warsaw Convention, art. 29.
 
 
 11
 Article 18 of the Convention provides "[t]he carrier shall be liable for ... loss of ... any checked baggage ... if the occurrence which caused the damage took place during the transportation by air." The Convention defines "transportation by air" as including "the period during which the baggage ... [is] in charge of the carrier, whether in an airport or on board an aircraft." Warsaw Convention, art. 18(2). The Convention further provides that "the period of transportation by air shall not extend to any transportation by land" unless such transportation "takes place in the performance of a contract for transportation" in which case loss "is presumed, subject to proof to the contrary, to have been the result of an event which took place during the transportation by air." Warsaw Convention, art. 18(3).
 
 
 12
 Here, Wells alleged that her luggage was lost while it was being delivered to her by Supershuttle. Wells thus contends that her luggage was not lost during the period of "transportation by air" and that the Convention's two-year statute of limitations does not apply. This contention lacks merit.
 
 
 13
 The allegations of the complaint show that Wells's luggage originally was lost during the flight to Los Angeles. When American allegedly found Wells's luggage, American was still "in charge" of it so the period of "transportation by air" had not yet ended. See Warsaw Convention, art. 18(2). Moreover, even if it were true that Supershuttle lost Wells's luggage while attempting to deliver it to her, that period of land transportation was included within the period of "transportation by air" because delivery of Wells's luggage was part of her contract for transportation with American. See id., art. 18(3). We therefore conclude on the allegations of Wells's complaint that this action is governed by the Warsaw Convention. See id., art. 18(1). Accordingly, the district court did not err by applying the Convention's two-year statute of limitations and determining that Wells's action is time-barred. See id., art. 29.
 
 AFFIRMED.[2]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. We therefore deny appellant's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Convention for Unification of Certain Rules Relating to International Transportation by Air, Oct. 12, 1929, 49 Stat. 3000, T.S. No. 876 (1934), reprinted in 49 U.S.C. § 1502 note
 
 
 [2]
 We reject Wells's contention that the district court lacked jurisdiction because the Interstate Commerce Act ("ICA") specifically exempts ground transportation in airline terminals from ICA coverage. Even if that were true, our conclusion that this case is governed by the Warsaw Convention would stand
 We also reject Wells's contention that the district court should not have dismissed her case because she was diligent in prosecuting it. Wells's diligence or lack thereof had nothing to do with the district court's decision.
 Wells's request that all parties bear their own costs is denied. See Fed.R.App.P. 39(a).