170 F.Supp.2d 1052 (2001)
In re CALIFORNIA RETAIL NATURAL GAS AND ELECTRICITY ANTITRUST LITIGATION And All Related Cases.
Continental Forge, Plaintiff,
v.
Southern California Gas Company, et al., Defendants.
Andrew Berg, et al., Plaintiff,
v.
Southern California Gas Company, et al., Defendants.
John Philip, Plaintiff,
v.
El Paso Merchant Energy, L.P., et al., Defendants.
John W.H.K. Phillip, Plaintiff,
v.
El Paso Merchant Energy, L.P., et al., Defendants.
City Of Los Angeles, et al., Plaintiffs,
v.
Southern California Gas Company, et al., Defendants.
City of Long Beach, et al., Plaintiffs,
v.
Southern California Gas Company, et al., Defendants.
Sweetie's, Plaintiffs,
v.
El Paso Corporation, et al., Defendants.
California Dairies, Inc., Plaintiff,
v.
El Paso Corporation, et al., Defendants.
No. CV-S-01-1406-PMP PAL, CV-S-01-0741-PMP PAL, CV-S-01-0742-PMP PAL, CV-S-01-0743-PMP PAL, CV-S-01-0744-PMP PAL, CV-S-01-0953-PMP PAL, CV-S-01-0954-PMP PAL, CV-S-01-0955-PMP PAL, CV-S-01-0956-PMP PAL.
United States District Court, D. Nevada.
October 26, 2001.
*1053 Mark Fogelman, San Francisco, CA, Peter N. Larson, San Francisco, CA, for Associated Feed & Supply Co., Inc., California Dairies, Inc., DE Francesco & Sons, Inc., F & A Dairy of California, Inc., Hilmar Cheese, Co., Leprino Foods Co.
Lance F. Astrella, Denver, CO, Brad N. Baker, Hermosa Beach, CA, Albro L. Lundy, III, Hermosa Beach, CA, Thomas V. Girardi, Los Angeles, CA, Carole E. Handler, Los Angeles, CA, Walter J. Lack, Los Angeles, CA, Pierce O'Donnell, Los Angeles, CA, Paul A. Traina, Los Angeles, CA, for Andrea Berg.
Robert E. Shannon, Long Beach, CA, Carole E. Handler, Los Angeles, CA, M. Brian McMahon, Los Angeles, CA, for City of Long Beach.
Carole E. Handler, Los Angeles, CA, Don James Kass, Los Angeles, CA, Walter J. Lack, Los Angeles, CA, Mark Lambert, Los Angeles, CA, Paul A. Traina, Los Angeles, CA, for City of Los Angeles, CA.
*1054 Carole E. Handler, Los Angeles, CA, Pierce O'Donnell, Los Angeles, CA, John Shaeffer, Los Angeles, CA, Walter J. Lack, Los Angeles, CA, Mark Evans Millard, Los Angeles, CA, Paul A. Traina, Los Angeles, CA, Robert J. Wolfe, Los Angeles, CA, for Continental Forge Co.
Brian L. Duffy, Denver, CO, Steven E. Knott, Los Angeles, CA, David G. Palmer, Denver, CO, Laura R. Ramos, Los Angeles, CA, James J. Brosnshan, San Francisco, CA, John W. Alden, Jr., Los Angeles, CA, Mark W. Danis, San Diego, CA, Stephen P. Freccero, San Francisco, CA, Mark R. McDonald, Los Angeles, CA, James F. McCabe, San Francisco, CA, Dawn S. Pittman, San Francisco, CA, Craig V. Richardson, Denver, CO, for El Paso Energy Corp., El Paso Merchant Energy LP, El Paso Nat. Gas Co.
James J. Brosnshan, San Francisco, CA, Stephen P. Freccero, San Francisco, CA, James F. McCabe, San Francisco, CA, Craig V. Richardson, Denver, CO, for El Paso Energy West Coast Holding Co., El Paso Marketing Co., El Paso Mojave Pipeling Co., EPNG Mojave, Inc., Mojave Pipeline Operating Co.
Brian L. Duffy, Denver, CO, Steven E. Knott, Los Angeles, CA, David G. Palmer, Denver, CO, Laura R. Ramos, Los Angeles, CA, James J. Brosnshan, San Francisco, CA, John W. Alden, Jr., Los Angeles, CA, Mark W. Danis, San Diego, CA, Stephen P. Freccero, San Francisco, CA, Mark R. McDonald, Los Angeles, CA, for El Paso Merchant Energy-Gas LP.
James J. Brosnshan, San Francisco, CA, Stephen P. Freccero, San Francisco, CA, James F. McCabe, San Francisco, CA, Dawn S. Pittman, San Francisco, CA, Craig V. Richardson, Denver, CO, for El Paso SPM Co., Mojave Pipeline Co.
E. Knott, Los Angeles, CA, Laura R. Ramos, Los Angeles, CA, James J. Brosnshan, San Francisco, CA, John W. Alden, Jr., Los Angeles, CA, Mark W. Danis, San Diego, CA, Stephen P. Freccero, San Francisco, CA, Mark R. McDonald, Los Angeles, CA, James F. McCabe, San Francisco, CA, Dawn S. Pittman, San Francisco, CA, Craig V. Richardson, Denver, CO, for El Paso Tennesse Pipeline.
Carole E. Handler, Los Angeles, CA, M. Brian McMahon, Los Angeles, CA, Robert E. Shannon, Long Beach, CA, for Robert Lamont, Long Beach Brethren Manor, United Church Retirement Homes.
Lance F. Astrella, Denver, CO, Brad N. Baker, Hermose Beach, CA, David N. Gigelow, Los Angeles, CA, Thomas V. Girardi, Los Angeles, CA, Carole E. Handler, Los Angeles, CA, Walter J. Lack, Los Angeles, CA, Albro L. Lundy, III, Hermosa Beach, CA, Pierce O'Donnell, Los Angeles, CA, Paul A. Traina, Los Angeles, CA, for Gerald J. Marchil.
Carole E. Handler, Los Angeles, CA, M. Brian McMahon, Los Angeles, CA, Robert E. Shannon, Long Beach, CA, Don James Kass, Los Angeles, CA, Walter J. Lack, Los Angeles, CA, Mark Lambert, Los Angeles, CA, Paul A. Traina, Los Angeles, CA, for People of the State of Cal.
Michael J. Ponce, Wesminister, CA, Douglas A. Stacy, Laguna Beach, CA, for John Phillip.
Robert E. Cooper, Los Angeles, CA, Richard P. Levy, Los Angeles, CA, Austin Van Schwing, Los Angeles, CA, Louis E. Shoch, III, Los Angeles, CA, William A. Wargo, Los Angeles, CA, for San Diego Gas & Electric, Sempra Energy, Southern California Edison Co., Southern California Gas Co.
Jennie Lee Anderson, San Francisco, CA, William Bernstein, San Francisco, CA, Eric B. Fastiff, San Francisco, CA, Barry R. Himmelstein, San Francisco, CA, Francis *1055 O. Scarpulla, San Francisco, CA, for Sweetie's.

ORDER GRANTING PLAINTIFFS' MOTIONS TO REMAND
PRO, District Judge.

I. INTRODUCTION
The above actions were originally filed in Superior Courts in the State of California, and were removed to United States District Courts for the Central, Southern and Northern Districts of California by Defendants. On June 25, 2001, and July 25, 2001, the Judicial Panel on Multidistrict Litigation entered Transfer Orders centralizing the foregoing actions in this Court for coordinated or consolidated pre-trial proceedings, pursuant to 28 U.S.C. § 1407.
In this litigation common Defendants are sued in multiple districts in the State of California by Plaintiffs seeking to recover damages on behalf of overlapping classes of California natural gas or electricity rate payers. In all actions the Defendants are charged with engaging in anti-competitive conduct while participating in California's energy market by conspiring to drive up the retail price of either natural gas or electricity in California through alleged manipulation of pipeline capacity or energy production and transmission projects. Generally, Plaintiffs' Complaints allege that Defendants engaged in conduct that resulted in restraint of trade, unfair competition, and unfair business practices in violation of the State of California's Cartwright Act (Cal. Bus. & Prof.Code §§ 16720 et seq.), the California Unfair Competition Laws (Cal. Bus. & Prof.Code §§ 17200 et seq.), and the common law.[1]
Before the Court for consideration are fully briefed Motions to Remand brought by Plaintiffs in each of the above cases. Also before the Court for consideration are two motions brought by Defendants El Paso Corporation, El Paso Merchant Energy Holding Company, and El Paso SPM Company  a Consolidated Motion to Dismiss and to Strike, and a Consolidated Motion to Dismiss for Lack of Personal Jurisdiction.[2] Oral argument was heard on these Motions on October 3, 2001. For the reasons set forth below, the Court concludes Plaintiffs' Motions to Remand should be granted.[3]

*1056 II. LEGAL STANDARD
Removal jurisdiction under 28 U.S.C. § 1331 gives federal district courts original jurisdiction for cases "arising under" the Constitution, laws, or treaties of the United States. Removal statutes are strictly construed against removal. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir.1979). Moreover, the burden of establishing federal jurisdiction lies on the party seeking removal. Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97, 42 S.Ct. 35, 66 L.Ed. 144 (1921). Remand is a proper remedy if the federal court lacks subject matter jurisdiction, or if a case is otherwise improperly removed. 28 U.S.C. § 1447.

III. DISCUSSION
Federal courts are courts of limited jurisdiction. Because diversity jurisdiction does not exist in these cases, Defendants must establish that at least one of Plaintiffs' claims "arises under" federal law in order to establish federal subject matter jurisdiction. See 28 U.S.C. § 1441(b).
[T]he presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint .... The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law.
Caterpillar Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987) (internal citations omitted) (emphasis added). To confer jurisdiction in federal court, federal law must constitute an "essential" element of a plaintiff's case, and "the complaint itself will not avail as a basis of jurisdiction in so far as it goes beyond a statement of the plaintiff's cause of action and anticipates or replies to a probable defense." Gully v. First National Bank, 299 U.S. 109, 113, 57 S.Ct. 96, 81 L.Ed. 70 (1936) (citations omitted). Moreover, the "well-pleaded complaint" rule bars federal courts from asserting jurisdiction on the basis of a federal defense, "including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." Caterpillar at 393, 107 S.Ct. 2425.
As masters of their Complaints, Plaintiffs may defeat removal by choosing not to plead independent federal claims. ARCO Environmental Remediation v. Department of Health and Environmental Quality, 213 F.3d 1108, 1114 (9th Cir. 2000). Indeed, Plaintiffs' original Complaints in the present case specifically allege claims based exclusively on California state law. Although the "artful pleading" exception to the well-pleaded complaint rule provides that a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint, the mere fact that a plaintiff could have asserted additional federal claims but elects not to do so does not confer federal jurisdiction. Franchise Tax Board v. Construction Laborers Vacation Trust for Southern California, 463 U.S. 1, 22, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). Whether the artful pleading exception to the well-pleaded complaint rule applies requires an analysis of whether Plaintiffs' claims "arise under" federal law.
According to ARCO, there are three instances in which a cause of action pled as a state law claim "arises under" federal law. First, under the complete preemption doctrine, a complaint based exclusively on state law but falling under one of a few areas of pervasive federal legislation is *1057 deemed completely preempted and thus presents a federal question. ARCO at 1114. See, e.g., Caterpillar Inc. v. Williams, 482 U.S. 386, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987) (finding that the Labor Management Relations Act preempts claims brought pursuant to collective bargaining agreements but does not preempt state law contract claims). Second, even if a plaintiff's cause of action is explicitly based on state law, the case may still "arise under" federal law "if the claim is necessarily federal in character." ARCO at 1114 (citing Brennan v. Southwest Airlines Co., 134 F.3d 1405, 1409 (9th Cir.), amended by 140 F.3d 849 (9th Cir.1998)). Finally, federal jurisdiction is proper if the "right to relief depends on the resolution of a substantial, disputed federal question." ARCO at 1114.
Defendants argue that Plaintiffs' claims are completely preempted by federal law based upon federal regulatory and statutory schemes that occupy the field. Express preemption occurs when Congress explicitly states in a statute or regulation that state law is superseded. Despite Defendants' claims that federal law preempts Plaintiffs' causes of action, no such complete preemption language appears in any of the three potentially applicable federal acts  the Federal Power Act ("FPA"),[4] 16 U.S.C. §§ 824 et seq., the Natural Gas Act ("NGA"),[5] 15 U.S.C. §§ 717 et seq., or the Natural Gas Policy Act ("NGPA"),[6] 15 U.S.C. §§ 3301 et seq.
Defendants assert that State court action is preempted because district courts have exclusive jurisdiction under part of the FPA, 16 U.S.C. § 825p, which states:
The District Courts of the United States, and the United States courts of any Territory or other place subject to the jurisdiction of the United States shall have exclusive jurisdiction of violations of this chapter or the rules, regulations, and orders thereunder, and of all suits in equity and actions at law brought to enforce any liability or duty created by, or to enjoin any violation of, this chapter or any rule, regulation, or order thereunder....
Id. (emphasis added). However, as stated by Judge Whaley in Hendricks v. Dynegy Power Marketing, Inc., 160 F.Supp.2d 1155 (S.D.Cal.2001):
[T]he fact that the Federal Power Act includes an exclusive jurisdiction provision *1058 does not mean that the entire field is preempted; instead, the exclusive jurisdiction provision only means that federal preemption is a defense to any Federal Power Act claims brought in state court. To conclude otherwise would improperly base federal jurisdiction upon the concept of preemption itself.
Id. at 1158 (emphasis in original). This Court agrees. If Defendants' interpretation of the statute were correct, Congress would have signaled its intent with the use of more definitive language, perhaps by inserting the word "original" into the statute, so that it read "The District Courts of the United States ... shall have exclusive original jurisdiction of violations of this chapter or the rules ...."
Similar reasoning applies to the NGA. Section 717u of the NGA provides:
The District Courts of the United States and the United States courts of any Territory or other place subject to the jurisdiction of the United States shall have exclusive jurisdiction of violations of this chapter or the rules, regulations, and orders thereunder, and of all suits in equity and actions at law brought to enforce any liability or duty created by, or to enjoin any violation of, this chapter or any rule, regulation, or order thereunder....
15 U.S.C. § 717u (emphasis added). Again, Congressional use of the exclusive jurisdiction provision does not mean that the entire field is preempted.
Finally, the Enforcement section of the NGPA does not provide the district courts with exclusive original jurisdiction. 15 U.S.C. § 3414(b). According to the statute, an action "may" be brought in district court, but the statute makes no mention of exclusive original jurisdiction. Id.
In addition to arguing that Plaintiffs' claims are expressly preempted, Defendants argue that Plaintiffs' claims are impliedly preempted because they "arise under" federal law, and because Plaintiffs' claims raise a substantial, disputed federal question.[7]
To "arise under" a federal law, a right or immunity must be an "essential element" of the complaint. Gully, 299 U.S. at 111, 57 S.Ct. 96. The mere fact that a federal statute is mentioned in a complaint does not mean that a plaintiff's cause of action "arises under" federal law. ARCO Environmental Remediation v. Department of Health and Environmental Quality, 213 F.3d 1108, 1113 (9th Cir.2000) ("The fact that ARCO's complaint makes repeated references to CERCLA [the federal Comprehensive Environmental Response, Compensation, and Liability Act] does not mean that CERCLA creates the cause of action under which ARCO sues.").
Defendants argue that Plaintiffs' claims "arise under" federal law, citing the extensive regulation of the interstate gas pipeline transportation service in the NGA, 15 U.S.C. § 717c(c), pursuant to which FERC promulgates regulations dealing with pipeline transportation, utilization of capacity, and relationships with affiliates. Whether or not FERC has the exclusive ability to regulate pipeline transportation service is not, however, the question here. In Schneidewind v. ANR Pipeline Company, 485 U.S. 293, 108 S.Ct. 1145, 99 L.Ed.2d 316 (1988), the Supreme Court *1059 struck down a Michigan law requiring public utilities exercising or claiming the right to transport natural gas in Michigan for public use to obtain approval from the Michigan Public Service Commission before issuing long-term securities. Id. at 296-97, 108 S.Ct. 1145. The Court noted that the NGA confers exclusive jurisdiction on FERC over the transportation and sale of natural gas in interstate commerce for resale. Id. at 300-01, 108 S.Ct. 1145. However, the Court emphasized that the true question at issue was "whether [the state act] regulates within this exclusively federal domain." Id. at 305, 108 S.Ct. 1145 (emphasis in original). The problem with the Michigan law was that it was "directed at ... precisely the things over which FERC has comprehensive authority." Id. at 308. Schneidewind thus makes clear that the inquiry here should not be the extent of FERC's regulatory powers generally. Instead, the question is whether Plaintiffs' claims, as Plaintiffs have pled them, challenge conduct within FERC's exclusive domain.[8]
This Court has examined each of the eight Complaints and finds that Plaintiffs' claims are limited to California state law claims. The Complaints can be grouped into two categories. The California Dairies and Sweetie's Complaints focus on Defendants' behavior as related to fluctuations in "spot market" prices.[9] The Continental Forge, Berg, John Phillip, John W.H.K. Phillip, City of Los Angeles, and City of Long Beach Complaints focus on Defendants' allegedly conspiratorial conduct as indicative of anti-competitive and unfair behavior within the definitions of California's Cartwright Act and Unfair Trade Practices Act. FERC does not regulate the "spot market," and FERC's regulatory powers are not so extensive as to imply preemption in the entire field to the exclusion of antitrust claims in particular. California v. Federal Power Commission, 369 U.S. 482, 485, 82 S.Ct. 901, 8 L.Ed.2d 54 (1962) ("[T]here is no pervasive regulatory scheme including the antitrust laws that has been entrusted to the [Federal Energy Regulatory] Commission.") (internal quotations and citations omitted). Even though the Complaints do mention Defendants' conduct with respect to capacity constraints and rates that are not "just and reasonable"  language which raises the spectre of FERC's exclusive domain  it is not this Court's role to make decisions about the separate, fundamental steps Defendants took. Plaintiffs allege a conspiracy, and a conspiracy cannot be dismembered, but must be viewed as a whole. Continental Ore Co. v. Union Carbide & Carbon Corp., 370 U.S. 690, 82 S.Ct. 1404, 8 L.Ed.2d 777 (1962). In addition, understanding Plaintiffs' *1060 claims as exclusively state law claims makes sense given that the FPA, NGA, and NGPA, do not provide a remedy to individual Plaintiffs.[10]
Finally, Defendants argue that Plaintiffs' claims fall into the "artful pleading" exception to the well-pleaded complaint rule because they raise substantial, disputed federal questions. Specifically, Defendants claim that examination of the El Paso Federal Tariff is essential to the case at bar because Plaintiffs' Complaints allege activities that were governed by provisions in the Tariff.[11] According to Defendants, the Tariff sets forth rates and rate schedules for transportation, detailed procedures governing capacity (including allocation of firm and interruptible transportation service[12]), operating provisions governing the provisions of capacity for firm and interruptible transportation service, requirements about the type of information required to be posted on El Paso Pipeline's Electronic Bulletin Board, procedures governing a program where capacity can be resold by customers to others who wish to use the capacity, and restrictions on interactions with El Paso Pipeline's marketing affiliates.
Plaintiffs' Complaints make no mention of any Federal Tariff. As previously discussed, Plaintiffs' Complaints focus on Defendants' behavior relative to "spot market" prices, and on Defendants' allegedly conspiratorial actions in violation of California law. Neither "spot market" prices nor conspiratorial conduct are regulated by the Tariff. While it is likely that the Federal Tariff will play a role in the resolution of this case, that role will be limited to a defensive one  and a defense based on federal law is an insufficient basis for federal question jurisdiction. Caterpillar at 393, 107 S.Ct. 2425.

IV. CONCLUSION
As masters of their Complaints, Plaintiffs have made a decision to seek relief for their claims in the State Courts of California. Although there is unquestionably a strong federal interest in energy production, marketing and distribution, this Court rejects Defendants' arguments that federal law predominates to the degree that exercise of this Court's limited jurisdiction is warranted. Plaintiffs are entitled to have the claims they have asserted adjudicated in California State *1061 Court, and remand to their respective state courts of origin is therefore appropriate.
Because the Court has determined that remand is appropriate, Defendants' Consolidated Motion to Dismiss and to Strike, and the Motions to Dismiss for Lack of Personal Jurisdiction submitted by Defendants El Paso Corporation, El Paso Merchant Energy Holding Company, and El Paso SPM Company will be denied as moot without prejudice to renew the same in the appropriate state court.
IT IS THEREFORE ORDERED AS FOLLOWS:
Plaintiff Continental Forge's Motion to Remand (CV-S-01-0741-PMP-PAL, Doc. # 31) is hereby GRANTED. The case is hereby remanded to the Superior Court of the State of California in and for the County of Los Angeles, State of California.
Plaintiff Berg's Motion to Remand (CV-S-01-0742-PMP-PAL, Doc. # 37) is hereby GRANTED. The case is hereby remanded to the Superior Court of the State of California in and for the County of Los Angeles, State of California.
Plaintiff John Phillip's Motion to Remand (CV-S-01-1406-PMP-PAL, Doc. # 43) is hereby GRANTED. The case is hereby remanded to the Superior Court of the State of California in and for the County of San Diego, State of California.
Plaintiff John W.H.K. Phillip's Motion to Remand (CV-S-01-1406-PMP-PAL, Doc. # 43) is hereby GRANTED. The case is hereby remanded to the Superior Court of the State of California in and for the County of San Diego, State of California.
Plaintiff the City of Los Angeles's Motion to Remand (CV-S-01-0953-PMP-PAL, Doc. # 20) is hereby GRANTED. The case is hereby remanded to the Superior Court of the State of California in and for the County of Los Angeles, State of California.
Plaintiff the City of Long Beach's Motion to Remand (CV-S-01-0954-PMP-PAL, Doc. # 19) is hereby GRANTED. The case is hereby remanded to the Superior Court of the State of California in and for the County of Los Angeles, State of California.
Plaintiff Sweetie's' Motion to Remand (CV-S-01-0955-PMP-PAL, Docs.# 21, # 25) is hereby GRANTED. The case is hereby remanded to the Superior Court of the State of California in and for the City and County of San Francisco, State of California.
Plaintiff California Dairies' Motion to Remand (CV-S-01-0956-PMP-PAL, Doc. # 13) is hereby GRANTED. The case is hereby remanded to the Superior Court of the State of California in and for the City and County of San Francisco, State of California.
Plaintiff California Dairies' Motion for Attorneys' Fees (CV-S-01-0956-PMP-PAL, Doc. # 13) is hereby DENIED.
All other pending motions in each of these actions are moot and are therefore DENIED without prejudice.
NOTES
[1] All Plaintiffs brought suit in California state court and allege Defendants violated California's Cartwright Act, Cal. Bus. & Prof.Code § 16720 et seq. (City of Los Angeles Compl. at ¶¶ 112-36; City of Long Beach Compl. at ¶¶ 120-46; Sweetie's Compl. at ¶¶ 70-78; California Dairies Compl. at ¶¶ 51-62; Berg Compl. at ¶¶ 118-34; Continental Forge Compl. at ¶¶ 107-23; John W.H.K. Phillip Compl. at ¶¶ 31-42; John Phillip Compl. at ¶¶ 34-46), as well as California's Unfair Practices Act, Cal. Bus. & Prof.Code § 17000 et seq. (City of Los Angeles Compl. at ¶¶ 137-59; (City of Long Beach Compl. at ¶¶ 147-57; Sweetie's Compl. at ¶¶ 79-83 and ¶¶ 98-101; California Dairies Compl. at ¶¶ 63-84; Berg Compl. at ¶¶ 135-42; Continental Forge Compl. at ¶¶ 124-31; John W.H.K. Phillip Compl. at ¶¶ 43-55; John Phillip Compl. at ¶¶ 47-59). Plaintiff Sweetie's also asserts common law monopolization and attempted monopolization claims. (Sweetie's Compl. at ¶¶ 84-93.)
[2] Defendant El Paso Corporation (formerly known as "El Paso Energy Corporation") originally filed a Motion to Dismiss for Lack of Personal Jurisdiction in each of the separate cases.
[3] In reaching the conclusion that Plaintiffs' Motions to Remand should be granted, the Court has relied in part on the excellent analysis contained in the Order of the Honorable Robert H. Whaley, United States District Judge, in a substantially similar multi-district litigation proceeding. Hendricks v. Dynegy Power Mktg., Inc., 160 F.Supp.2d 1155 (S.D.Cal.2001).
[4] The FPA explicitly states that "[f]ederal regulation" of "such business which consists of the transmission of electric energy in interstate commerce and the sale of such energy at wholesale in interstate commerce" extends "only to those matters which are not subject to regulation by the States," 16 U.S.C. § 824(a), and that "The provisions of this subchapter shall apply to the transmission of electric energy in interstate commerce and to the sale of electric energy at wholesale in interstate commerce, but except as provided in paragraph (2) shall not apply to any other sale of electric energy or deprive a State or State commission of its lawful authority now exercised over the exportation of hydroelectric energy which is transmitted across a State line." 16 U.S.C. § 824(b)(1).
[5] "The provisions of [the NGA] shall not apply to any person engaged in or legally authorized to engage in the transportation in interstate commerce or the sale in interstate commerce for resale, of natural gas received by such person from another person within or at the boundary of a State if all the natural gas so received is ultimately consumed within such State, or to any facilities used by such person for such transportation or sale, provided that the rates and service of such person and facilities be subject to regulation by a State commission...." 15 U.S.C. § 717(c).
[6] The NGPA states, inter alia, that "Nothing in this chapter shall affect the authority of any state to establish or enforce any maximum lawful price for the first sale of natural gas produced in such State." 15 U.S.C. § 3432(a).
[7] Though the court in ARCO separates out three exceptions to the well-pleaded complaint doctrine  complete preemption of claims, claims that are "necessarily federal in character," and claims raising a "substantial, disputed federal question," 213 F.3d at 1114, the latter two exceptions in particular blend together in the case law. Because of this, the two exceptions will be discussed together here.
[8] This reasoning also explains why the Initial Decision of Chief Administrative Law Judge Curtis L. Wagner in Public Utilities Commission v. El Paso Natural Gas Company, docket no. RP00-241-000, 2001 WL 1187870 (October 9, 2001), has no bearing on the case at bar. This Court received via facsimile a copy of the decision with an accompanying letter from Defendants on October 10, 2001. This court also received via facsimile reply letters on behalf of the California Dairies and Continental Forge Plaintiffs, on October 11 and 12, 2001, respectively. None of these documents alter the claims of the Plaintiffs in such a way as to confer jurisdiction on this Court.
[9] The term "spot market" is used to refer to a kind of short-term market for natural gas. Press Release, Federal Energy Regulatory Commission, Commission Extends California Price Mitigation Plan for Spot Markets to All Hours, All States in Entire Western Region (June 18, 2001), available at http://www.ferc. fed.us /news/pressreleases/e 100"95 pressrelease.htm ("Spot markets cover sales that are 24 hours or less and that are entered into the day of, or day prior to, delivery.").
[10] "[T]he prescription of the [Federal Power Act] is a standard for the Commission to apply and, independently of Commission action, creates no right which courts may enforce." Montana-Dakota Utils. Co. v. Northwestern Pub. Serv. Co., 341 U.S. 246, 251, 71 S.Ct. 692, 95 L.Ed. 912 (1951).

"[I]t is not consistent with the underlying purpose of the regulatory scheme to imply a private remedy in damages for a breach of the [Natural Gas] Act." Clark v. Gulf Oil Corp., 570 F.2d 1138, 1150 (3d Cir.1977), cert. denied, 435 U.S. 970, 98 S.Ct. 1611, 56 L.Ed.2d 62 (1978).
"Absent a constitutional question regarding the enactment of the NGPA or judicial review of a final determination of an agency action, in this case FERC, there is no private right of action under NGPA." In re Texaco, Inc., 84 B.R. 911, 923 (S.D.N.Y.1988).
[11] A federal tariff has the force and effect of federal law. For example, Marcus v. AT&T Corp., 138 F.3d 46 (2d Cir.1998), found that plaintiffs' state law contract claims involving a tariff filed with the Federal Communications Commission involved federal law, and removal to federal court was appropriate. Id. at 56.
[12] "Pipelines generally offer two forms of transportation service: firm transportation, for which delivery is guaranteed, and interruptible transportation, for which delivery can be delayed if all the capacity on the pipeline is in use." United Distrib. Cos. v. FERC, 88 F.3d 1105, 1124 n. 10 (D.C.Cir.1996) (emphasis added).